IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| NORMAN LEE ANDERSCH, | CV 10-13-BU-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| NORTHWESTERN CORPORATION, d/b/a NORTHWESTERN ENERGY, STEVEN REYNOLDS, HEATHER BURNS, BOBBI SCHROEPPEL, BRIAN BIRD, JEANNE VOLD, and DOES 1-5, | |
| Defendant. | |

Plaintiff Norman Andersch ("Andersch") filed this action for

wrongful discharge against Northwestern Energy ("Northwestern") and

Steven Reynolds, Heather Burns, Bobbi Schroeppel, Brian Bird, and

Jeanne Vold ("Individual Defendants") in Montana's Second Judicial

District.[1]  Northwestern removed the case to federal court pursuant to

---

[1]The Complaint also names Does 1-5 as defendants, but, because
these Doe Defendants are unidentified, they are not considered in
determining removal jurisdiction.  See McCabe v. General Foods Corp.,
811 F.2d 1336, 1339 (9th Cir. 1987).

28 U.S.C. §§ 1332, 1441, and 1446.  Currently pending before the Court

is Andersch's Motion to Remand pursuant to 28 U.S.C. § 1447(c).

I.    BACKGROUND

Andersch filed this wrongful discharge action in state court on

February 25, 2010.  Court Doc. 1-1 at 1.  On March 26, 2010,

Northwestern removed the case to federal court, asserting diversity

jurisdiction despite the presence of a non-diverse defendant.  Notice of

Removal (Court Doc. 1) at 2.  Northwestern claims that the non-diverse

defendant, Steven Reynolds, was fraudulently joined, and thus diversity

exists.  Id. at 6.

After removing the case to this Court, Northwestern filed a Motion

to Dismiss the Individual Defendants.  Motion to Dismiss on Behalf of

Defendants Steven Reynolds, Heather Burns, Bobbi Schroeppel, Brian

Bird, and Jeanne Vold (Court Doc. 2).  The motion was ultimately

withdrawn after Andersch filed an Amended Complaint which did not

name the Individual Defendants as parties.  See Court Docs. 25, 26.[2]

---

[2]The Court notes that the Amended Complaint filed by Andersch
(Court Doc. 25) is not the amended complaint Andersch was given leave
to file (see Court Doc. 8, 8-1, 15).  Because Northwestern has now
answered the Amended Complaint as filed (see Court Doc. 28),

II.   PARTIES' ARGUMENTS

    A.   Andersch's Arguments

In his motion to remand, Andersch argues that Steven Reynolds and the other Individual Defendants are proper parties, and that diversity does not exist.  Plaintiff's Brief in Support of Motion to Remand (Court Doc. 14) at 3, 6.  Consequently, Andersch argues that this Court lacks jurisdiction and remand is necessary.  Id. at 7.

Andersch contends that Northwestern bears the burden of proof and has failed to demonstrate that "it is beyond doubt that the Plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."  Id. at 4 (internal citations omitted).  Additionally, Andersch argues that Reynolds and the other Individual Defendants are not protected by the Corporate Shield Doctrine, and are potentially liable under § 28-10-702(3), MCA.  Id. at 6-7.

    B.   Northwestern's Arguments

------------------------

Northwestern has waived any objections to its form.  The Court assumes that both parties agree that the case will go forward with the issues joined as set forth in the Amended Complaint (Court Doc. 25) and the Answer to Amended Complaint (Court Doc. 28).

In response to Andersch's remand motion, Northwestern argues that Montana's Wrongful Discharge from Employment Act ("WDEA") is Andersch's exclusive remedy for his allegedly wrongful discharge.  Def.'s Opposition Brief to Plaintiff's Motion to Remand (Court Doc. 21) at 2. Due to the WDEA's exclusivity and its application only to employers, Northwestern argues that Andersch cannot state a claim against the Individual Defendants, and therefore their joinder is fraudulent.  Id. at 2-3, 9, 20-22.

III.   LEGAL STANDARDS

A.   Removal

An action may be removed to federal court if the federal court could have exercised original jurisdiction.  28 U.S.C. § 1441.  "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Hunter v. Philip Morris, USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citations omitted).  The removal statute is strictly construed and any doubt about the right of removal requires resolution in favor of remand. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir.

2009).

28 U.S.C. § 1332 provides that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  "Complete diversity of citizenship is required, meaning each of the plaintiffs must be a citizen of a different state than each of the defendants."  Andrews v. Bayer Corp., 2010 WL 234808 at *2 (C.D. Cal. Jan. 12, 2010) (citing Catepillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

B.   <u>Fraudulent Joinder</u>

The law in this Circuit on fraudulent joinder was recently well-summarized as follows:

> "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulently joined defendants will not defeat removal on diversity grounds."  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). [T]here is a general presumption against fraudulent joinder," Hamilton Materials, Inc. v. Down Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007), but fraudulent joinder will be found "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state."  Ritchey, 139 F.3d at 1318.

The party asserting fraudulent joinder bears the burden of proof,

> United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756,
> 763 (9th Cir. 2002), and remand must be granted unless the
> defendant establishes that there is no possibility that the plaintiff
> could prevail on any cause of action it asserted against the non-
> diverse defendant.  See Levine v. Allmerica Financial Life Ins. &
> Annuity Co., 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999).

Andrews, 2010 WL 234808 at *2.

## IV.   DISCUSSION

Here, neither Party disputes that more than $75,000 is in

controversy.  The only non-diverse defendant is Steven Reynolds.  Thus

the dispositive question is whether Andersch obviously failed to state a

cause of action against Defendant Reynolds according to "settled rules

of the state."  See  Ritchey, 139 F.3d at 1318.

Because removal jurisdiction depends upon the pleadings at the

time of removal, the original Complaint is the operative pleading for the

purpose of determining removal jurisdiction.  See Strotek Corp. v. Air

Transport Ass'n. of America, 300 F.3d 1129, 1131-32 (9th Cir. 2002)

(diversity jurisdiction is determined "as of the time the complaint is

filed and removal is effected").  In Morongo Band of Mission Indians v.

California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir.

1988), the Ninth Circuit explained: "In determining federal court

jurisdiction, we look to the original, rather than to the amended, complaint.  Subject matter jurisdiction must exist as of the time the action is commenced."

Only a WDEA claim for wrongful discharge is asserted in the original Complaint.  The WDEA "sets forth certain rights and remedies with respect to wrongful discharge ... [and] provides the exclusive remedy for a wrongful discharge from employment."  § 39-2-902, MCA. All of the remedies provided by the WDEA run against the employer. The WDEA "does not envision lawsuits against corporate employees, officers or shareholders."  Buck v. Billings Montana Chevrolet, Inc., 811 P.2d 537, 543 (Mont. 1991).

It is clear that Northwestern, and not Defendant Reynolds, was Andersch's employer.  In his original Complaint, Andersch concedes that "Defendants Steven Reynolds (Reynolds), Heather Burns (Burns), Bobbi Schroeppel (Schroeppel), Brian Bird (Bird), and Jeanne Vold (Vold) are employees of NorthWestern Energy."  Court Doc. 1-1 at 2, ¶ III.  Because the WDEA does not envision lawsuits against corporate employees, there is no possibility that Andersch could prevail on a WDEA claim against Defendant Reynolds.

The Court also notes that the Individuals Defendants are no longer parties.  Only NorthWestern Corporation is a defendant in the amended complaint as filed.  See Court Doc. 25.

V.   CONCLUSION

In light of the foregoing,

IT IS RECOMMENDED that Andersch's Motion to Remand (Court Doc. 13) be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of U.S. Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after receipt hereof, or objection is waived.

DATED this 30th day of June, 2010.

/s/ Carolyn S. Ostby
United States Magistrate Judge